UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT TOTH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>K. DHILLON, M.D., et al.,<br><br>　　　　Defendants. | No. 2:15-cv-1523 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and paid the filing fee. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. at 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

Plaintiff alleges that he suffered a work-related injury prior to his incarceration, which includes focal spondylosis, or disc bulging, which causes plaintiff to suffer constant neck, shoulder, and back pain when he moves his upper body. Upon his incarceration in 2012, plaintiff states he received some medical care, including adequate pain medication, which continued until plaintiff was transferred to Folsom State Prison. Plaintiff avers that on October 7, 2014, defendant Dr. Dhillon cancelled plaintiff's previously-authorized pain medications without benefit of newly-acquired medical data in the form of x-rays, MRI's, Cat-Scans, or direct physical examinations. Plaintiff filed health care appeals challenging Dr. Dhillon's cancellation of pain medications, but the remaining defendants allegedly upheld Dr. Dhillon's denial of pain medication without the support of newly-acquired medical data, including defendant Lewis, who is not a medical professional. Plaintiff seeks monetary damages, as well as injunctive relief enjoining defendants from "continuing to deny plaintiff adequate, palliative, and preventive medical care for his serious medical ills." (ECF No. 1 at 3.)

While the Eighth Amendment of the United States Constitution entitles plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439

F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Wilhelm, 680 F.3d at 1122. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06.) Deliberate indifference is a high legal standard. Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "[A] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a[§ ]1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

  Here, plaintiff's claims are not entirely clear. In his relief section, he seeks an order enjoining defendants from "continuing to deny plaintiff adequate, palliative, and preventive medical care for his serious medical ills." (ECF No. 1 at 3.) However, plaintiff's factual allegations focus on Dr. Dhillon's failure to renew the medication prescribed by Dr. Kaluckaiani. Yet, differences of opinion in medical treatment, even between doctors, is insufficient to state a cognizable Eighth Amendment claim. Absent additional factual allegations, this court cannot conclude that no other medical care was provided to plaintiff. Plaintiff fails to identify the pain medication he was formerly prescribed, and fails to identify the harm he sustained as a result of the discontinuation of the prescription. Plaintiff may be able to state a cognizable Eighth Amendment claim against defendant Dr. Dhillon if plaintiff can allege facts demonstrating that he presented with complaints of pain yet Dr. Dhillon was deliberately indifferent to plaintiff's pain and wholly failed to treat such pain or insufficiently treated plaintiff's pain. Here, the sole allegation is that Dr. Dhillon discontinued, without direct medical examination or tests, the pain medication previously prescribed by Dr. Kaluckaiani. Plaintiff does not articulate the alleged injury he suffered as a result, and does not indicate whether alternative treatment or pain medications were, or were not, provided or prescribed by Dr. Dhillon.

////

////

Absent additional factual allegations, plaintiff's claim against Dr. Dhillon is too vague and conclusory to state a cognizable Eighth Amendment claim under Iqbal.  But plaintiff is granted leave to amend to correct such deficiencies as to his claim against Dr. Dhillon.

Similarly, it is unclear whether plaintiff can state cognizable Eighth Amendment claims against the remaining defendants, which are based on their review of his grievances.  Plaintiff has no constitutional right to an appeals process.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988).  Denying a grievance does not constitute a due process violation.  See, e.g., Wright v. Shannon, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Williams v. Cate, 2009 WL 3789597, at *6 (E.D. Cal. Nov.10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").  Thus, plaintiff fails to state a cognizable claim arising out of the review of his grievances by the remaining defendants.

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim, as well as the harm suffered therefrom.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th

1  Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and
2  conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v.
3  Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
4      In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
5  make plaintiff's amended complaint complete. Local Rule 220 requires that an amended
6  complaint be complete in itself without reference to any prior pleading. This requirement exists
7  because, as a general rule, an amended complaint supersedes the original complaint. See Loux v.
8  Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original
9  pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an
10  original complaint, each claim and the involvement of each defendant must be sufficiently
11  alleged.
12      In accordance with the above, IT IS HEREBY ORDERED that:
13      1. Plaintiff's complaint is dismissed.
14      2. Within thirty days from the date of this order, plaintiff shall complete the attached
15  Notice of Amendment and submit the following documents to the court:
16          a. The completed Notice of Amendment; and
17          b. An original and one copy of the Amended Complaint.
18  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the
19  Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must
20  also bear the docket number assigned to this case and must be labeled "Amended Complaint."
21  Failure to file an amended complaint in accordance with this order may result in the dismissal of
22  this action.
23  Dated: August 31, 2015

/toth1523.14

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

6

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| SCOTT TOTH, | No. 2:15-cv-1523 KJN P |
|---|---|
| Plaintiff, | |
| v. | NOTICE OF AMENDMENT |
| K. DHILLON, et al., | |
| Defendants. | |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

    _____    Amended Complaint
DATED:

    _____
    Plaintiff